COMMONWEALTH *vs.* ANTHONY ROSELLI
(and three companion cases against the same defendant).

Bristol.    October 29, 1956. — November 27, 1956.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS,
& WHITTEMORE, JJ.

*Evidence,* Of identity.

At a criminal trial where the principal issue was identification of the defendant as the perpetrator of the crime, after he had been permitted, in attacking an identification of him by a witness for the Commonwealth, to show that the witness had also identified another person, evidence that the other person had been indicted or had "face[d] the court" for the crime added nothing substantial and might properly be excluded.

INDICTMENTS, found and returned on November 4, 1948.

The cases were tried in the Superior Court before *Rome, J.*

*Kenneth L. Sullivan,* for the defendant.

*John J. Harrington,* Assistant District Attorney, for the Commonwealth, submitted a brief.

SPALDING, J.    About nine o'clock in the evening of November 18, 1947, Richard Coffin and his wife returned to their home in Dartmouth. Upon entering it they were met by three partially masked men, all of whom were armed. Coffin was beaten until he was unconscious and Mrs. Coffin, at gun point, was ordered to open a safe on the second floor from which the intruders took jewelry, the value of which was in excess of $200,000. After binding Mrs. Coffin and her husband, hands and feet, the intruders stole the Coffins' automobile and fled.

In December, 1954, the defendant was arrested and was subsequently brought to trial on several indictments charging offences arising out of the above described event.  He was found guilty and sentenced on an indictment charging robbery, and on another charging a related offence.  The case, having been tried pursuant to G. L. (Ter. Ed.) c. 278, §§ 33A–33G, as amended, comes here by appeal.  The only questions presented by the defendant's assignments of error arise from three rulings on evidence.

At the trial the chief witness for the Commonwealth was Mrs. Coffin, and the principal issue was the identification of the defendant as one of the robbers.  There was evidence that Mrs. Coffin first identified the defendant in a police line-up in Providence in December, 1954, and she identified him at the trial as one of the robbers.  She also testified that one Cairo and one Collici were the other two.[1]  It appeared that prior to that she had on several occasions viewed other police line-ups, including one in Hartford, Connecticut.  In two of the line-ups viewed by Mrs. Coffin was a man named Conroy, but Mrs. Coffin testified that she did not identify him as one of the robbers.

In this setting one Hervey, chief of police of Dartmouth, was called by the prosecution and testified that he had taken Mrs. Coffin to numerous police line-ups including two where Conroy was present.  In cross-examination Hervey testified that he had gone to Hartford, Connecticut, with Mrs. Coffin to view a police line-up, and on that occasion he pointed to a man on the end of the line-up and asked her if she had ever seen him before; that Mrs. Coffin replied that she had; and that the person so identified was Conroy. Hervey was asked if he "relay[ed] what transpired in Hartford . . . to . . . [the] district attorney's office" and he replied that he had.  Counsel for the defendant then put the following question: "And as a result of the information you gave the district attorney, was not Conroy indicted for this offence?"  This question was excluded, subject to

---

[1] Neither was tried with the defendant;  Collici was found guilty in 1949 and Cairo pleaded guilty in 1952,

the defendant's exception, and is the subject of assignment of error numbered 2. There was no error.

Where, as here, identification was an important issue, the defendant undoubtedly had the right to show that Mrs. Coffin's identification of him was unreliable and that she had on a prior occasion identified a person other than those named by her at the trial. But the defendant was not precluded from showing this, for he was permitted to show through Hervey that Mrs. Coffin had identified Conroy at the line-up in Hartford. The excluded question called upon the witness to give a conclusion on a matter not within his personal knowledge. He could hardly be expected to know of his own knowledge whether Conroy was indicted as a result of information furnished by him. But at all events the fact that there was an indictment following the identification in Hartford added nothing of substance to what Hervey had already stated.

Assignments of error 3 and 4 are closely related and will be considered together. Conroy was called by the defendant and testified that in 1950 Mrs. Coffin identified him in a police line-up in Hartford "in relation to the offence in Dartmouth." Counsel for the defendant then asked, "And as a result of that identification . . . did you face the court in Massachusetts . . . on the charges . . . which Mr. Roselli is now facing?" (Assignment of error 3.) In cross-examination Conroy testified that Mrs. Coffin pointed him out twice in the Hartford line-up but did not say anything. Immediately following this testimony counsel for the defendant asked the witness on redirect examination: "As a result of her pointing her finger at you on two occasions in Connecticut in one visit, did you subsequently face the Superior Court in Massachusetts?" (Assignment of error 4.) Both questions were excluded subject to the defendant's exceptions. We lay to one side the fact that no offers of proof were made in connection with the excluded questions, because we are of opinion that for the reasons set forth in our discussion of the second assignment of error no error has been shown.                    *Judgment affirmed.*